IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MOHAMMAD IBRAHIM ALIMI                                    PETITIONER

V.                                        CIVIL NO.   5:26-cv-00348-DCB-BWR

RAFAEL VERGARA                                           RESPONDENTS
*Warden, Adams County Correctional
Center* and
CHRISTOPHER BULLOCK
*Immigration and Customs Enforcement,
New Orleans Field Office Director*

## ORDER SETTING BRIEFING SCHEDULE

This matter is before the Court *sua sponte*.  Petitioner, a native and citizen of Afghanistan, in April 2026, filed through counsel a Petition [1] for writ of habeas corpus under 28 U.S.C. § 2241 challenging the length of his detention under 8 U.S.C. § 1231(a)(6) and requesting his immediate release from Immigration and Customs Enforcement (ICE) detention. Pet. [1] at 7.

Petitioner entered the United States illegally in January 2025 and has remained in ICE detention continuously since. Pet'r Ex. [8-2] at 2. On July 28, 2025, an immigration judge ordered that Petitioner be removed from the United States to Afghanistan. *Id.* On August 28, 2025, the removal order became final as no appeal was filed. Pet. [1] at 5.

Petitioner's detention is governed by 8 U.S.C. § 1231, which provides that the Attorney General shall remove the alien within a period of 90 days (referred to as the "removal period"), during which time the alien shall be detained, § 1231(a)(1)(A),

(a)(2). "After that time elapses, however § 1231(a)(6) provides only that certain aliens '*may* be detained' while efforts to complete removal continue." *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018) (emphasis in original). In *Zadvydas v. Davis,* the Supreme Court applied the doctrine of constitutional avoidance and construed § 1231(a)(6) to mean that "once removal is no longer reasonably foreseeable, continued detention is not authorized by statute." 533 U.S. 678, 699 (2001). "*Zadvydas* then concluded that six months was a presumptively reasonable period of detention, beyond the removal period, in which to effectuate deportation." *Tran v. Mukasey*, 515 F.3d 478, 482 (5th Cir. 2008) (citing *Zadvydas,* 533 U.S. at 702). "After that, the Court concluded, if the alien 'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the Government must either rebut that showing or release the alien." *Jennings,* 583 U.S. at 299 (quoting *Zadvydas,* 533 U.S. at 701). "This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701-02.

Petitioner's removal order became administratively final on August 28, 2025. *See* 8 U.S.C. § 1231(a)(1)(B)(i); 8 C.F.R. § 1241.1 ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final: . . . (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time[.]"). The 90-day removal period expired on November 26, 2025. Six months following November 26, 2025 expired on

May 26, 2026, which was forty days after the Petition was received on April 16, 2026. Petitioner has been in ICE detention 62 days beyond the presumptively reasonable period established in *Zadvydas*. The Court requires a status update from Respondents regarding the progress since May 12, 2026 (the date of Respondents' Response) to remove Petitioner and sets a briefing schedule regarding whether there is "no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas,* 533 U.S. at 701-02.

IT IS THEREFORE ORDERED that, within 14 days of this Order, Respondents shall file a status update:

1. Including a Declaration from an ERO official; and

2. Specifically addressing the following: (1) the progress to remove Petitioner, including Petitioner's cooperation with any such efforts; and (2) a timeline of any anticipated efforts to remove Petitioner.

IT IS FURTHER ORDERED that:

1. No later than 30 days after Respondents' status update, Petitioner shall file a memorandum brief and must show there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future;

2. No later than 14 days after Petitioner's memorandum brief, Respondents shall file a response furnishing evidence sufficient to rebut that showing; and

3. No later than 14 days after Respondents' response, Petitioner may file a

reply.

SO ORDERED, this 27th day of July 2026.

_s/ Bradley W. Rath_

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE